IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM N. LUCY, #204880,** | : |
| | : |
| Plaintiff, | : |
| | : |
| **vs.** | : CIVIL ACTION NO. 18-00288-WS-B |
| | : |
| **LT. ANGELA NORMAN,** *et. al.*, | : |
| | : |
| Defendants. | : |

**REPORT AND RECOMMENDATION**

Plaintiff William N. Lucy, an Alabama inmate, filed a complaint alleging violations under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees. (Doc. 8). This action, originally filed in the United States District Court for the Northern District of Alabama, was transferred to this District on June 26, 2018 and is now before the Court for review.[1]  Upon review, it is recommended, for the reasons set forth below, that Plaintiff's motion for leave to proceed without prepayment of fees be **DENIED** and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States

---

[1] The action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate action.

> that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This section is intended to curb abusive prisoner litigation by requiring prisoners who have had three actions or appeals dismissed as meritless to pay the full filing fee when their next action is filed. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). "The only exception to section 1915(g) is if the frequent flier prisoner is 'under imminent danger of serious physical injury.'" Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)(citation omitted), *overruled on other grounds by* Jones v. Bock, 549 U.S. 199, 215-16 (2007); see also Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)("[The] Eleventh Circuit [has] determined that a prisoner must allege a present imminent danger . . . under section 1915(g)"); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999)(noting that plaintiff could not proceed under § 1915(g) because he failed to allege "that he was in imminent danger of serious physical injury at the time he filed his complaint or that he was in jeopardy of any ongoing danger").

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered, after reviewing the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama, that Plaintiff has at least three

2

actions or appeals that were previously dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. See, e.g., Lucy v. Johnston, 2014 WL 5335810, 2014 U.S. Dist. LEXIS 148435 (S.D. Ala. Oct. 20, 2014) (dismissing action under § 1915(g) and for failure to pay the filing fee); Lucy v. Mosley, Civil Action No. 2:00-01283-MHT-SRW (M.D. Ala. Dec. 6, 2000) (dismissing action under § 1915 for failure to state a claim), appeal dismissed as frivolous (11th Cir. Aug. 3, 2001); Lucy v. Heritage Import, Inc., Civil Action No. 2:01-00231-MHT-SRW (M.D. Ala. Mar. 1, 2001) (dismissing action under § 1915(e)(2)(B)(i)-(iii)); Lucy v. Clarke Co., Civil Action No. 00-12483-H (11th Cir. Dec. 1, 2000) (dismissing appeal as frivolous under § 1915(e)). See also Bryant v. Epps, 242 F. App'x 273 (5th Cir. 2007) (holding that the dismissal of a petitioner's appeal as frivolous and the dismissal of the action by the district court as frivolous each counted as a strike under § 1915(g)); Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996) (finding that the district court's frivolous dismissal and its appeal that was dismissed as frivolous counted as two strikes).

Accordingly, in order to avoid the dismissal of the present action pursuant to § 1915(g), Plaintiff must satisfy the exception to § 1915(g). In other words, he must demonstrate that at the time he filed the instant complaint, he was "under imminent danger of serious physical injury." Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent

danger of serious physical injury at the time the complaint is filed, not at a prior time).

After carefully reviewing the allegations in Plaintiff's complaint (Doc. 8), the Court cannot discern any facts which suggest that Plaintiff was under imminent danger of serious physical injury when he filed his complaint in March 2018. The gist of Plaintiff's complaint is that certain correctional officers subjected him to "unprovoked attacks" on four occasions: (1) in December 2017, his sister was not allowed to visit him on his birthday; (2) in December 2017, a correctional officer took away his food tray and would not allow him to eat, even though he is a diabetic; (3) in February 2018, a correctional officer entered his dorm and took away his legal paperwork; and (4) on an undisclosed date, a correctional officer again entered his dorm and took away both his legal paperwork and religious materials. (Id. at 5-6). Nothing in Plaintiff's complaint suggests that these events have placed him in imminent danger of serious physical injury. Insofar as Plaintiff would argue that the denial of food places him in imminent danger of serious physical injury due to his diabetes, the Court notes that this event allegedly occurred in December 2017, some six months prior to the filing of this action in March 2018, thus negating the imminence of the issue.

In the absence of facts showing that Plaintiff was under "imminent danger of serious physical injury" at the time he filed his complaint, Plaintiff cannot avail himself of § 1915(g)'s

4

exception. As a result, his failure to pay the $400.00 filing fee at the time he filed this action necessitates that this action be dismissed without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full "filing fee at the time he initiates the suit") (emphasis in original); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2002) (holding that the filing fee must be paid by an inmate subject to § 1915(g) at the time an action is commenced). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for

objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **29th** day of **June, 2018.**

                                        **/s/ SONJA F. BIVINS**
                            **UNITED STATES MAGISTRATE JUDGE**